UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00273-FDW

| | |
|---|---|
| JAMES DAVID NANNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIC A. HOOKS,[1] ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon James David Nanney's amended pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 4.) Also before the Court are Petitioner's second motion to proceed in forma pauperis (Doc. No. 5) and motion titled "Order at Once for State Convictions Overturn and Release Order Money for Doing So CFPP.org" (Doc. No. 6).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on October 30, 2014, was found guilty by a Buncombe County Superior Court jury of possession of a stolen motor vehicle and attaining habitual felon status. State v. Nanney, 779 S.E.2d 786, 2015 WL 6169930 (N.C. Ct. App. 2015) (unpublished table decision). The trial court sentenced him to a term of 120 to 156 months in prison. Id. The North Carolina Court of Appeals found no error on appeal. Id. Petitioner did not seek discretionary review of the decision in the North Carolina Supreme Court.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, is the proper respondent in this habeas action.

1

On September 25, 2018, Petitioner filed a two-page document purporting to be a petition for writ of habeas corpus pursuant to § 2254 (Doc. No. 1) and document purporting to be a motion to proceed without prepayment of costs (Doc. No. 2). Petitioner was supplied blank § 2254 and in forma pauperis forms approved for use in this Court (Doc. No. 3), which he completed (somewhat) and returned on October 2, 2018. (Doc. Nos. 4, 5).

**II.     STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

**III.    DISCUSSION**

**A. Statute of Limitation**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitation for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[2] The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

---

[2] There are three alternate start dates for the statute of limitations. See § 2244(d)(1)(B)-(D). However, to the extent the amended Petition alleges facts to support the grounds for relief raised, they do not support a finding that any of the alternate start dates apply.

2

Petitioner's judgment was entered on October 30, 2014, when he was sentenced by the trial court. The North Carolina Court of Appeals issued its Order denying Petitioner's direct appeal on October 20, 2015. Nanney, 779 S.E.2d 786. Petitioner then had thirty-five (35) days to seek discretionary review in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Because he did not seek discretionary review, Petitioner's conviction became final on or about November 24, 2015, when the time for seeking discretionary review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S .Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). The statute of limitations then ran for 365 days until it fully expired on or about November 24, 2016.

Asked to explain why the statute of limitations does not bar his Amended Petition, Petitioner has responded: "Because the State play a game with me. Call play station!" (Am. § 2254 Pet. 13 ¶ 18.) The Amended Petition is untimely, see § 2244(d)(1)(A), and therefore barred by the statute of limitations.

**B. Merits**

In his first ground for relief, Petitioner claims "Officer May" gave false testimony at trial. (Am. § 2254 Pet. 5.) It appears Petitioner raised this issue in a pro se filing on direct appeal, and the North Carolina Court of Appeals rejected it on the merits. Nanney, 779 S.E.2d 786.

A federal habeas court may not grant relief on previously adjudicated state court claims unless it concludes that the state court's determination "was contrary to, or involved an

3

unreasonable application of, clearly established Federal law" as set forth by the Supreme Court, § 2254(d)(1), or rested on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). An unreasonable application of clearly established Federal law requires a state court ruling "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Virginia v. LeBlanc, 137 S.Ct. 1726, 1728 (2017) (per curiam) (alterations and internal quotation marks omitted).

As was the case on direct appeal, Petitioner's claim is "supported by only his own bare assertions." Nanney, 779 S.E.2d 786. In other words, Petitioner does not allege any facts to support this ground for relief. He provides no information about May's testimony or explain how or why it was false. Consequently, the Court cannot conclude that the Court of Appeals' rejection of this claim "was contrary to, or involved an unreasonable application of, clearly established Federal law," § 2254(d)(1), or rested on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). Therefore, this claim shall be denied.

Petitioner's remaining grounds for relief are not rooted in reality. Petitioner alleges the prosecutor and clerk of court picked the jury from "witness protection files" to guarantee a guilty verdict for "coke cola 1 million dollar prize money and $538 billion dollar God tie. to coke cola prize payout;" "the charges are all a coke cola murder spree by state doctor," and the "sentence is a way to process [Petitioner's] paperwork people stole from [him]." (Am. § 2254 Pet. 7, 8, 10.) Not one of these grounds for relief states a recognizable constitutional violation, and Petitioner does not cite any facts to support his fanciful, frivolous, and/or delusional allegations. Accordingly, these claims shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 4) is **DISMISSED** as untimely, see § 2244(d)(1)(A), and **DENIED with prejudice** as meritless;

2. The Second Motion to Proceed In Form Pauperis (Doc. No. 5) is **GRANTED** for the sole purpose of disposing of this action;

3. The motion titled "Order at Once for State Convictions Overturn and Release Order Money for Doing So CFPP.org" (Doc. No. 6) is **DENIED** as frivolous;

4. The Clerk of Court is directed to substitute Erik A. Hooks for State of North Carolina as the respondent in this action; and

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 28, 2018

Frank D. Whitney
Chief United States District Judge